RECEIVED
JUN 07 2012
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| HAROLD JOE BLACK (SANCTIONED/BARRED) | CIVIL ACTION 3:12CV1053 |
| VERSUS | JUDGE ROBERT G. JAMES |
| PUBLIC SAFETY & CORRECTIONS ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

On May 2, 2012, a civil rights complaint and motion for leave to file *in forma pauperis* was filed by pro se Plaintiff Harold Joe Black ("Plaintiff"), pursuant to 42 U.S.C. §1983. Plaintiff seeks monetary relief from the following defendants: Louisiana Department of Public Safety and Corrections, James LeBlanc, Don Hathaway, Jerry Goodwin and Allan Harris. Plaintiff contends that these defendants have "allowed curel (sp) and unusal (sp) punishment, under the Eight (sp) Amendment" for failing to allow his lawyer to communicate with him before settling a prior case and also for failure to provide adequate medical treatment.

On April 26, 1996, 28 U.S.C. §1915(g) was amended to add a new requirement pertaining to successive claims. This section now limits non-meritorious *in forma pauperis* claims by prohibiting prisoners from filing additional *in forma pauperis* complaints if the prisoner has, on three (3) or more occasions, while incarcerated or detained in any facility, brought an action that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted. After a prisoner has had three (3) *in forma pauperis* petitions dismissed under §1915(g), any complaint filed after those three were filed may not be maintained in pauper status unless the prisoner

is "under imminent danger of serious physical injury." 28 U.S.C.§1915(g). To determine if a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the plaintiff's complaint, which must be construed liberally and the allegations which must be accepted as true. McAlphin v. Toney, 281 F.3d 709 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical hard is imminent are not sufficient to invoke the exception to §1915(g). Id. An inmate who claims this exception must show that the imminent danger is real and not merely speculative or hypothetical. Jackson v. Auburn Correctional Facility, 2009 WL1663986 (N.D.N.Y. June 15, 2009); Johnson v. Barney, 2005 WL 2173950, at 1-2 (S.D. N.Y. Sept. 6, 2005).

A review of the Western District of Louisiana's docket records reveals that Plaintiff has filed 19 law suits since 2001. The following suits were filed *in forma pauperis* and dismissed as frivolous: Black v. Wilkinson, et al, 1:04-cv-2489; Black v. Winn Correctional Center, et al.; 1:04-cv-2532; Black v. Forcht Wade Correctional Center, 5:05-cv-1125; and Black v. Allen Correctional Center, 5:06-cv-212 (filed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 but determined by the court to be a civil rights matter and dismissed as frivolous). While incarcerated, Plaintiff has filed more than three cases *in forma pauperis* that have been found to be frivolous; therefore, he is not allowed to file this current case *in forma pauperis* unless it falls under the "imminent danger" exception.

Plaintiff alleges in his Complaint that his lawyer in a previous case, Black v. Hathaway, No. 99-1214, failed to communicate with him before the case was settled. Plaintiff also makes allegations of inadequate medical care. A review of the previous case reveals that the parties settled this case and the case was closed in November 2000. The parties filed joint and amended stipulations of dismissal on January 3 and 17, 2001. *See* [No. 99-1214, Doc. Nos. 29, 30]. Some ten years later, in 2011, Plaintiff began filing motions in that same case which have been denied by the Court as not timely

filed. On one of the last motions filed in that case, the Court denied the motion and noted that the case was closed and would not be re-opened. *See* [No. 99-1214, Doc. No. #48]. The claims filed in this current case are some of the same claims that Plaintiff brought up in the motions in the previous case which the Court denied. None of these claims indicate that Plaintiff is in imminent danger. This Court therefore finds that Plaintiff is not eligible to proceed *in forma pauperis* in this civil rights action. If Plaintiff wishes to maintain this suit, he must pay the full filing fee of $350.00 to proceed.

**ACCORDINGLY**,

**IT IS ORDERED** that Plaintiff pay the full filing fee of $350.00 (Three Hundred and Fifty Dollars) within twenty (20) days from the date of this order. **FAILURE TO PAY THE FULL FILING FEE IN THE TIME ALLOTTED WILL RESULT IN THE PLEADINGS BEING STRICKEN FROM THE RECORD AND THIS CASE CLOSED.**

MONROE, LOUISIANA, this 4th day of June, 2012.

ROBERT G. JAMES, CHIEF JUDGE
WESTERN DISTRICT OF LOUISIANA